UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| IVORY OREY CROW, | ) | CASE NO.  5:12 CV2608 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| B. KOEHN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |


Before the Court is *pro se* Petitioner Ivory Orey Crow's above-captioned petition for a

writ of habeas corpus pursuant 28 U.S.C. §2241.  Crow, who is being held in the Federal

Correctional Center in Florence, Arizona ("FCC Florence"), names FCC Florence Warden B.

Koehn and the United States Marshal's Office as Respondents.  He seeks an order directing the

Respondents to execute a detainer warrant and place him in a "federal bureau of prison facility

like I was sentenced to."  (Pet. at 9.)  For the reasons set forth below, this action is dismissed.

*Background*

Crow was indicted in this Court on September 23, 2009. *See United States of America v.*

*Crow et al*, No. 1:09-cr-0414 (N.D. Ohio 2009).  Charged with, *inter alia*, conspiracy with intent

to distribute marijuana in violation of 21 U.S.C. §846, Crow entered into a Plea Agreement with the United States on November 20, 2009.

On February 22, 2010, this Court granted the United States' Petition for Writ of Habeas Corpus *Ad Prosequendum.* The writ directed the U.S. Marshal Service to transport Crow from Arizona State Prison Center (ASPC) Lewis in Buckeye, Arizona to the Northern District Court of Ohio for his sentencing on March 10, 2010. Crow appeared in this Court and was sentenced to 57 months in prison, to be served concurrently with his state court sentence.

A 96-count indictment was filed against Crow in the United States District Court for the District of Arizona on February 15, 2011. *See United States v. Crow*, No. 2:11cr0285 (D. Az. 2011). Crow, who was being held at ASP Lewis, Arizona, was charged with theft of government funds and bank fraud in violation of 18 U.S.C. §§ 641 and 1344. Magistrate Judge Lawrence Anderson granted the government's Petition for Writ of Habeas Corpus *Ad Prosequendum* directing the U.S. Marshals to transport Crow from ASP Lewis to appear in the District Court of Arizona for his March 30, 2011 arraignment. Crow pleaded "not guilty" and Magistrate Judge James Metcalf ordered his continued detention.

The United States filed a Motion to Determine Competency as to Crow on November 1, 2011. (Doc. No. 53.) It moved to commit Crow to the custody of the Attorney General, "to determine whether or not he is competent to understand the charges against him and to assist in his defense, and if not, whether in the foreseeable future he will obtain the capacity to understand the proceedings against him and to assist in his defense." *Id.* The court granted the motion on November 4, 2011. Crow was then committed to the custody of the Attorney General for a period not to exceed 4 months. (Doc. No. 57).

Following several requests for continuances, a jury trial has been scheduled for January 2, 2013.  *Id.* (Doc. No. 108).

Petitioner now seeks immediate release from FCC Florence.[1]  He asks for an Order placing him in a "federal bureau of prison facility," and to "execute this Court['s] detainer on me."  (Pet. at 9.)  Although it is difficult to discern the full nature of his request, it appears he may be seeking the immediate commencement of the sentence imposed by this Court.  For the reasons set forth below, the Petition is dismissed.

### *Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct.  22, 2002).    A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.   The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th  Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Crow has not met his burden.

### *28 U.S.C. § 2241*

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained."  28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Therefore, a

---

[1]FCC Florence is a private correctional facility managed by Corrections Corporation of America (CCA).

court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

A prisoner's proper custodian, for habeas review, is the warden of the facility where he is being held. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained.)  While Crow has properly identified his custodian, Warden Koehn, as the Respondent, he has not demonstrated how this Court may exercise personal jurisdiction over him.  In the Sixth Circuit, "[t]he burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 543 (6th Cir.1993)

A federal court's jurisdiction for core habeas petitions challenging present physical confinement, lies only in the district of the petitioner's confinement.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  The proper forum for habeas petitions is best analyzed by "traditional venue considerations" and "traditional principles of venue.*" Braden*, 410 U.S. at 495, 500.  As this Court lacks personal jurisdiction over Crow's custodian, he has failed to establish it is the proper venue in which to file his Petition.  *See* 28 U.S.C. §1391(b)(1).

*Improper Venue*

A court is required to dismiss "a case laying venue in the wrong division or district," unless the district court finds "in the interest of justice" that the case should be transferred "to [the district] in which it could have been brought," rather than dismissed.  *See* 28 U.S.C. § 1406(a); *see also* 28 U.S.C. §1631(where court lacks jurisdiction, case shall be transferred *if in the interest of justice*).  Because Crow is confined in Arizona, the United States District Court of

4

Arizona has personal jurisdiction over his custodian.  For the reasons set forth below, however, transferring this case would not be in the interest of justice.

*Sentence Credit Request*

Loosely construing the logic of Crow's *pro se* request, the Court finds the Petition is essentially a demand that the sentence this Court imposed commence immediately.  This is relief, however, that cannot be granted by any court.

When this Court sentenced Crow, the Attorney General, through the BOP, assumed responsibility for administering his sentence.  *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed").  Since the date of his sentencing in this Court, however, Crow was transported to the District Court of Arizona via writ of habeas corpus *ad prosequendum* and is now being held pursuant to a detention order imposed by that court.  *See e.g. Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th  Cir.1992)(federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*).  He is not yet, therefore, in exclusive BOP custody.

At this stage, Crow's Petition could be construed as an effort to assure he receives jail-time credit against the sentence imposed by this Court for the period in which he is held awaiting trial on his current charges. Under certain circumstances, a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. §3585(b).   If this is Crow's claim, it is premature.

No district court can determine the amount of §3585 credit to which a defendant may be

5

entitled at the sentencing stage.  Instead, it is the BOP that is tasked to make that determination as an administrative matter when the defendant is actually imprisoned. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons");18 U.S.C. § 3585(b).  Therefore, it is not until Crow is remanded to BOP custody to begin service of his sentence, that he may argue he is entitled to jail credit pursuant to § 3585.  If he chooses to pursue such a claim,  he must first exhaust his administrative remedies through the BOP. *See* 28 C.F.R. §§ 542.10-542.16.  Only after the BOP denies his administrative requests, may Crow file a § 2241 petition in the federal court which has personal jurisdiction over his custodian.

*Conclusion*

The Petition for writ of habeas corpus is **dismissed** for lack of personal jurisdiction and improper venue.  *See* 28 U.S.C. §§ 1406(a) and 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ John R. Adams
Date: 11/01/12                          JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

6